IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| A LOVE OF FOOD I, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 10-cv-02352-AW |
| MAOZ VEGETARIAN USA, INC., | |
| Defendant | |

## MEMORANDUM OPINION

Pending before the Court is Defendant Maoz Vegetarian USA. Inc. ("Maoz")'s Motion for Reconsideration of the December 14, 2011 Order by United States Magistrate Judge Jillyn K. Schulze denying Maoz's request to compel discovery. *See* Doc. No. 37. Maoz has not filed a timely Reply to Plaintiff A Love of Food I, LLC ("LOF")'s Response and thus this matter is ripe for review. *See* Loc. R. 105.2.a. The Court has reviewed the motions and all supporting documents and finds no hearing is necessary. *See* MD. LOC. R. 105.6 (D. Md. 2010). For the reasons articulated below, the Court DENIES Maoz's Motion.

### I.    FACTUAL & PROCEDURAL BACKGROUND

LOF brought this action against Maoz on August 25, 2010, and the Court's Scheduling Order set the discovery deadline for November 21, 2011. Doc. Nos. 1, 12. On July 19, 2011, the Court denied a motion by Maoz to extend discovery, noting that both Parties were expected to comply with the original deadlines. Doc. No. 15.

On November 28, 2011, the Court referred this action to Magistrate Judge Schulze after receiving LOF's Motion for Sanctions pursuant to Rule 37(d) for failure to appear for deposition. Doc. No. 30. On December 13, 2011, Judge Schulze ruled that discovery had concluded, and on the same day, Maoz sent a letter to Judge Schulze seeking reconsideration of that ruling. *See* Doc. No. 35. The letter stated that Maoz would be severely prejudiced if it was prohibited from taking a key deposition and that LOF had engaged in dilatory tactics and been uncooperative during discovery. Doc. No. 35. Judge Schulze ruled that Maoz failed to show good cause to amend the Scheduling Order. The Judge noted that the deposition sought by Maoz had initially been set prior to the discovery deadline, but Maoz had sought an extension in response to LOF's refusal to shorten the thirty-day notice period for producing documents. *See* Doc. Nos. 32; 36, 37 Ex. 1 at 10. Additionally, Judge Schulze reasoned that Maoz had at no point prior to her ruling sought her consent to extend the discovery deadline. Doc. No. 36.

On December 28, 2011, Maoz filed a Motion for Reconsideration to set aside Judge Schulze's ruling. Doc. No. 37. Therein, Maoz argues that it had good cause to seek an extension because it relied on a phone call from LOF stating that there would be further discussions about extending discovery, as well as an LOF e-mail stating: "I will prepare and email to you for review a mutual extension to Judge Williams' Scheduling Order so that both sides have sufficient time to hold depositions … . " *See* Doc. No. 37 Ex. 1 at 7.

II.     ANALYSIS

Under Federal Rule of Civil Procedure 72(a), a party may submit objections to a Magistrate Judge's ruling on a non-dispositive pretrial motion and seek that the Order be set aside in whole or in part if it is contrary to the law or clearly erroneous. Fed. R. Civ. P. 72(a); *see*

28 U.S.C. § 636(b)(1)(A). A ruling is clearly erroneous when, although there is evidence to support it, the reviewing Court is "left with the definite and firm conviction that a mistake has been committed." *Tafas v. Dudas*, 530 F. Supp. 2d. 786, 792 (E.D. Va. 2008). The alteration of a Magistrate Judge's non-dispositive pretrial Order is very difficult to justify; yet, the abuse of discretion standard that applies to discovery-related matters need not curtail the District Court's power to make necessary changes in a Magistrate Judge's ruling. *See id.*

A party must show good cause and obtain the Judge's consent if it seeks to modify the Court's Scheduling Order. Fed. R. Civ. P. 16(b)(4). Good cause exists where a party has diligently made efforts to meet court-imposed deadlines. *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d. 757, 768 (D. Md. 2010).

There is nothing in Maoz's Motion or supporting papers establishing that Judge Schulze's ruling is contrary to the law or clearly erroneous. Maoz never sought Judge Schulze's consent to extend discovery in the first instance and thus failed to meet the good cause requirement of Rule 16(b)(4). Additionally, Maoz fails to provide sufficient evidence to convince the Court that a mistake has been committed or that Judge Schulze abused her discretion. Maoz's reliance on LOF's representations, on its own, is not enough evidence to satisfy the high standard that must be met to set aside Judge Schulze's Order.

## III.  CONCLUSION

For the foregoing reasons, Maoz's Motion for Reconsideration is DENIED. A separate Order will follow.

| | |
|---|---|
| February 7, 2012 | /s/ |
| Date | Alexander Williams, Jr.<br>United States District Judge |